**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

RYAN MICHAEL CASEY,

     Plaintiff,

-vs-

EXPERIAN INFORMATION
SOLUTIONS, INC. and AFFIRM, INC.,

     Defendants.

Case No.  2:25-cv-00520-DCN

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, RYAN MICHAEL CASEY (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian") and AFFIRM, INC. (hereinafter "Affirm") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.    Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC

(hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.    Consumer reporting agencies that create consumer reports, like Experian, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.    When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.    The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.    Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

2

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.      Venue is proper in this District as Plaintiff is a natural person and resident of Charleston County in the State of South Carolina; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of South Carolina through its registered agent, C T Corporation System, located at 2 Office Park Court, Suite 103, Columbia, South Carolina 29223.

11.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

13.     Affirm is a corporation with its principal place of business in the State of California and is authorized to do business in the State of South Carolina through

its registered agent, C T Corporation System, located at 2 Office Park Court, Suite 103, Columbia, South Carolina 29223

14.    Affirm is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

15.    Affirm furnished information about Plaintiff to Experian that was inaccurate.

## FACTUAL ALLEGATIONS

16.    Plaintiff is alleged to owe a debt to Affirm, partial account number TUQ0*, as to an unsecured loan (hereinafter "Affirm Account"). Plaintiff does not have an account with Affirm and never applied or gave permission to anyone to apply using his information for the Affirm Account.

17.    Upon information and belief, Plaintiff is a victim of identity theft or mixed file.

18.    In or about November 2024, Plaintiff refinanced his student loans, and to his surprise, he was denied some opportunities due to a delinquent account in his credit file.

19.    Shortly thereafter, Plaintiff reviewed his Experian credit report and observed the erroneous Affirm Account.

20.    On or about November 4, 2024, Plaintiff contacted Affirm, and the representative advised there were no records in Plaintiff's name.

21.     Further, on or about November 4, 2024, Plaintiff submitted a dispute online with Experian regarding the erroneous Affirm Account.

22.     On or about November 25, 2024, Plaintiff received dispute results from Experian which stated the Affirm Account was verified as accurate and that the furnisher certified the information was accurate.

23.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

24.     Experian never attempted to contact Plaintiff during the alleged investigation.

25.     Upon information and belief, Experian notified Affirm of Plaintiff's dispute. However, Affirm failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

26.     On or about November 25, 2024, Plaintiff again contacted Affirm to dispute the erroneous Affirm Account without much success.

27.     On or about December 3, 2024, Plaintiff obtained a copy of his Experian credit report. Upon review, Plaintiff observed the erroneous Affirm Account continued to be reported with a status of charge off and balance of $550.

28.     On or about December 3, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 180798324. In this

report, he explained that he was a victim of identity theft and that the Affirm Account listed in his credit report did not belong to him.

29.    Due to the inaccurate reporting, on or about December 5, 2024, Plaintiff submitted online a detailed dispute letter to Experian. In the letter, Plaintiff advised he was a victim of identity theft and that the Affirm Account did not belong to him. To confirm his identity, Plaintiff included images of his driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting and images of his filed FTC Identity Theft Report.

30.    On or about December 11, 2024, Plaintiff received dispute results from Experian which stated the Affirm Account was verified as accurate and remains.

31.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

32.    Experian never attempted to contact Plaintiff during the alleged investigation.

33.    Upon information and belief, Experian notified Affirm of Plaintiff's dispute. However, Affirm failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

34.    On or about December 12, 2024, Plaintiff obtained an updated copy of his Experian credit report. Upon review, Plaintiff observed the Affirm Account continued to be reported with a status of charge off and balance of $550.

35.    Shortly thereafter, Plaintiff received another email from Experian stating the dispute of the Affirm Account was pending dispute having already provided dispute results.

36.    Due to the continued inaccurate reporting, on or about December 17, 2024, Plaintiff mailed a second detailed dispute letter to Experian. In the letter, Plaintiff reiterated he was a victim of identity theft and that the Affirm Account did not belong to him. To confirm his identity, Plaintiff included images of his driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting and images of his filed FTC Identity Theft Report.

37.    Plaintiff mailed his detailed dispute letter to Experian via USPS Certified Mail, tracking number 9407 1112 0620 6893 2844 43.

38.    As of the filing of this Complaint, Plaintiff has not received dispute results from Experian regarding his second detailed dispute letter.

39.    Despite Plaintiff's best efforts to have the erroneous reporting corrected, Experian continued to inaccurately report the erroneous Affirm Account in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

40.     Experian has not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continues to parrot off the back of the furnisher.

41.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

42.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

     i.     Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

     ii.     Loss of time attempting to cure the errors;

     iii.     Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

     iv.     Apprehensiveness to apply for new credit due to the fear of rejection; and

     v.     Defamation as Defendants published inaccurate information to third party entities.

**CAUSES OF ACTION**

**COUNT I**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

43.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

44.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

45.    Experian allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

46.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

47.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

48.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

49.     Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

50.     As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

51.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

52.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, RYAN MICHAEL CASEY, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

10

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

53.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

54.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

55.     Experian allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

56.     Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

57.     Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

58.     Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

59.     Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

11

60.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

61.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

62.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, RYAN MICHAEL CASEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

63.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

12

64.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

65.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

66.    Plaintiff provided Experian with the information it needed to confirm that he was a victim of a mixed file or identity theft. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

67.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

68.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

69.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, RYAN MICHAEL CASEY, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

70.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

71.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable

reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

72.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

73.    Plaintiff provided Experian with the information it needed to confirm that he was a victim of a mixed file or identity theft. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

74.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

75.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

76.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, RYAN MICHAEL CASEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT V
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Affirm, Inc. (Negligent)

77.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

78.    Affirm furnished inaccurate account information to Experian and through Experian to all of Plaintiff's potential lenders.

79.    After receiving Plaintiff's disputes, Affirm violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to

accurately respond to Experian; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

80.     Plaintiff provided all the relevant information and documents necessary for Affirm to have identified that the account was erroneous.

81.     Affirm did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Affirm by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

82.     Affirm violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

83.     As a direct result of this conduct, action, and/or inaction of Affirm, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

84.     The conduct, action, and inaction of Affirm was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

85.     Plaintiff is entitled to recover costs and attorney's fees from Affirm in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, RYAN MICHAEL CASEY, respectfully requests that this Court award actual damages against Defendant, AFFIRM, INC.; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT VI
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Affirm, Inc. (Willful)

86.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

87.     Affirm furnished inaccurate account information to Experian and through Experian to all of Plaintiff's potential lenders.

88.     After receiving Plaintiff's disputes, Affirm violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous

account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Experian; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

89.    Plaintiff provided all the relevant information and documents necessary for Affirm to have identified that the account was erroneous.

90.    Affirm did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Affirm by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

91.    Affirm violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

92.    As a direct result of this conduct, action, and/or inaction of Affirm, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

93.     The conduct, action, and inaction of Affirm was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

94.     Plaintiff is entitled to recover costs and attorney's fees from Affirm in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, RYAN MICHAEL CASEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, AFFIRM, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, RYAN MICHAEL CASEY, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC.

20

and AFFIRM, INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

This the 28th day of January, 2025.

Respectfully submitted,

*/s/ Rachel E. Mosser*
Rachel E. Mosser
S.C. State Bar #: 105947
N.C. State Bar #: 56806
Maginnis Howard
6842 Carnegie Blvd., Suite 100,
Charlotte, NC 28211
Telephone: 919-648-0742
Fax: 919-882-8763
rmosser@carolinalaw.com

*Local Civil Rule 83.I.04*
*Counsel for Plaintiff*

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

*Pro Hac Vice Forthcoming*
*Counsel for Plaintiff*